IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

COREY WELCH,                          )
                                      )
        Petitioner,                   )
                                      )       Nos. 1:12-CR-129-HSM-HBG
v.                                    )            1:15-CV-144-HSM
                                      )
UNITED STATES OF AMERICA,             )
                                      )
        Respondent.                   )

## **MEMORANDUM AND ORDER**

Petitioner Corey Welch ("Welch") was charged with one count of conspiracy to distribute methamphetamine and one count of felon in possession of a firearm. [Doc. 62].[1] Welch pleaded guilty to the charges without a plea agreement. [Doc. 518].

The Government [Doc. 708] accurately summarized sentencing, as follows:

The probation officer determined that Petitioner was responsible for 3.6 kilograms of methamphetamine, which yielded a base offense level of 34 for the drug offense. [Doc. 571 at ¶¶ 9, 15]. Two levels were then added because [Welch] possessed a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1). (*Id.* at ¶ 16). The base offense level for the firearms offense was 24, pursuant to U.S.S.G. § 2K2.1(a)(2). (*Id.* at ¶ 21). Pursuant to U.S.S.G. § 3D1.4(c), which explains how to combine the offense levels for different groups of offenses, any count with an offense level nine or more levels less serious than the count with the highest offense level is to be disregarded. (*See Id.* at ¶¶ 27-28). Accordingly, [Welch's] offense level was based upon his drug offense alone. After a three-level reduction for acceptance of responsibility, the petitioner's total offense level was 33. (*Id.* at ¶¶ 32-34; Doc. 594 at 1901].

Petitioner said he had no objection to the PSR, but he requested a two-level reduction in anticipation of Guidelines Amendment 782; the Court granted that request, which resulted in an offense level of 31 and a guideline sentencing range of 168 to 210 months, in light of the petitioner's criminal history category of V. [Doc. 591 at 1903]. In May 2014, the Court sentenced [Welch] to 168 months' imprisonment for the drug offense, at the very bottom of the guideline range, with a concurrent sentence of 120 months' imprisonment for the firearms offense. [*Id.* at 1910; Doc. 578].

---

[1] All references are to documents in case no. 1:12-CR-129-HSM-HBG.

1

Welch did not appeal the conviction or sentence. Welch, however, filed a § 2255 motion. [Doc. 705]. The Government filed a Response in opposition. [Doc. 708].

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). He must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). A petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other."

*Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697.

## **ANALYSIS OF CLAIMS**

Welch presents two claims in his § 2255 motion: (1) that the two-level firearms enhancement violates double jeopardy because he also was convicted of a § 922(g) violation based on the same firearm possession; and (2) ineffective assistance of counsel because his attorney did not assert that claim at sentencing.

It is the opinion of this Court that neither of these claims warrant relief. As a threshold matter, the Petitioner's first claim is procedurally defaulted, because Petitioner could have raised it on direct appeal, but did not. "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); accord *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not established any good cause and prejudice as to his first claim, which should therefore be dismissed.

The Court, nonetheless, will evaluate both of Petitioner's claims in turn.

1. <u>Welch was not subject to double jeopardy for his sentencing enhancement.</u>

"The Double Jeopardy Clause of the Fifth Amendment. . . protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal

3

punishments for the same offense." *Monge v. California* 524 U.S. 721, 727-28 (1998) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). The Government argues that Welch was not punished twice for possessing a firearm, and that Welch's Fifth Amendment rights were not violated. The Court agrees.

The Sixth Circuit has held that imposing a § 2D1.1(b)(1) enhancement on a defendant who has also been convicted of a firearm offense does not violate double jeopardy. *United States v. Taylor*, 248 F.3d 506, 517 (6th Cir. 2001); accord *United States v. Henderson*, 129 F. App'x 949, 951 (6th Cir. 2005); *United States v. Simpson*, Nos. 97-2305, 97-2307, 97-2316, 98-1050, 1999 WL 777348, at *6, *9 (6th Cir. Sept. 21, 1999). The defendants in *Henderson* and *Taylor*, like the petitioner, were convicted of drug offenses and of possessing a firearm as a convicted felon, and their sentences for the drug offenses were enhanced pursuant to U.S.S.G. § 2D1.1(b)(1). In both cases, the Court upheld the enhancements. *Taylor*, 248 F.3d at 516; *Henderson*, 129 F. App'x at 950. Moreover, in *United States v. Wheeler*, 330 F.3d 407 (6th Cir. 2003), the Sixth Circuit found that double jeopardy concerns are not implicated when a district court applies multiple guidelines to determine the appropriate sentence for an offense of conviction. *Id.* at 413.[2] Therefore, the Petitioner's double jeopardy argument is without merit.

2. <u>Petitioner's counsel was not constitutionally ineffective at sentencing.</u>

The Court has found that no double jeopardy violation occurred. Accordingly, Welch's counsel had no legitimate basis to object to the sentence imposed.

The Government argues that "counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676, (6th Cir. 2001); *see also Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003) (counsel "is not required by the Constitution to raise

---

[2] In addition, Petitioner's 168 month sentence for the drug offense was longer than the 120 month sentence for the firearm offense, and the Court ordered the sentences to run concurrently. [Doc. 578].

4

frivolous defenses or arguments to avoid a charge of ineffective representation"). The Court agrees. Welch has not identified any deficient performance by his counsel, nor can he possibly show that he suffered any prejudice as a result of his counsel's inaction. Because the petitioner has failed to satisfy either prong of S*trickland*, this claim for relief lacks merit.

## **CONCLUSION**

The Court finds that because all of the claims presented in the Motion [Doc. 705] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A judgment will enter **DENYING** the Motion [Doc. 705].

**IT IS SO ORDERED. A SEPARATE JUDGMENT ORDER WILL ISSUE.**

> */s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE